the component material of chief value; that they were produced at a period prior to the year 1700; that they and two other antique Gobelin tapestries, produced at a like period, were all purchased by the said Louis Stern for the purpose of adding them to a collection of curiosities and bric-a-brac, which he owned at the time in New York; that the two tapestries in suit were placed by the said Stern in his apartment in a foreign country, while temporarily residing there, being thus designedly separated from the other two tapestries, so as to destroy the unity of assemblage; that the two in suit were ordered to be shipped to this country, and were shipped on a different vessel from that in which the other two were imported; that these tapestries were not suitable for souvenirs, or for a cabinet of collections of antiquarian curiosities, within the meaning of paragraph 524, and were not free of duty thereunder; and the board affirmed the decision of the collector as to the aforesaid classification and exaction made by him. From this decision of the board the importer appealed to the United States circuit court for a review of the questions of law and fact involved, and thereafter, upon the return made by the board, this case was tried.

*W. Wickham Smith*, of *Curie, Smith & Mackie*, for appellant.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for appellee.

---

*In re* BOYD *et al.*

(*Circuit Court, S. D. New York. February 18, 1892.*)

CUSTOMS DUTIES—ACT OF OCTOBER 1, 1890—CLASSIFICATION—COTTON LACE APRONS.
　　Aprons made of cotton lace *held* not to be dutiable, as articles of wearing apparel, at 50 per cent. *ad valorem*, under paragraph 349 of the act of October 1, 1890, but dutiable, as "articles made wholly or in part of lace," at 60 per cent. *ad valorem*, under paragraph 373 of said act.

(*Syllabus by the Court.*)

At Law. Appeal by collector of the port of New York from decision of the board of United States general appraisers under the act of June 10, 1890.

Boyd, Sutton & Co. imported into the port of New York, per steamer Cufic, November 3, 1890, certain merchandise, consisting of cotton lace aprons made up and ready to be worn, upon which the collector of customs at that port levied and assessed a duty of 60 per cent. *ad valorem*, as an "article made wholly or in part of lace," under the provisions of paragraph 373 of Schedule J of the act of October 1, 1890.

"Par. 373. Laces, edgings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, and other similar tamboured articles, and articles embroidered by hand or machinery, embroidered and hemstitched handkerchiefs, and articles made wholly or in part of lace; rufflings, tuckings, or ruchings, all of the above-named articles, composed of flax, jute, cotton, or other vegetable fiber, or of which these substances, or either of them, or a mixture of any of them, is the component material of chief value, not specially provided for in this act, sixty per centum *ad valorem:* provided, that articles of wearing apparel, and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act; shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of which they are respectively composed."

The importers protested, and appealed to the board of United States general appraisers, under the act of June 10, 1890, claiming the same to be dutiable at 50 per cent. *ad valorem*, as cotton wearing apparel, under the provisions of paragraph 349 of Schedule I of said act:

"Par. 349. Clothing ready made, and articles of wearing apparel of every description, handkerchiefs, and neck-ties or neck-wear, composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, all of the foregoing not specially provided for in this act, fifty per centum *ad valorem:* provided, that all such clothing ready made and articles of wearing apparel having India-rubber as a component material (not including gloves or elastic articles that are specially provided for in this act) shall be subject to a duty of fifty cents per pound, and in addition thereto fifty per centum *ad valorem.*"

The board of United States general appraisers reversed the decision of the collector, and found as matters of fact that the articles were aprons composed of cotton, and made chiefly of lace, and were wearing apparel. They decided that the merchandise was more specifically provided for under the term "wearing apparel" than under the term "articles made of cotton lace," and reversed the decision of the collector. From their decision, appeal was duly taken by the collector to the United States circuit court.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for appellant.

*Curie, Smith & Mackie*, for defendants.

WALLACE, Circuit Judge. In the case of Boyd, Sutton & Co., I have come to the conclusion that the cotton lace aprons in controversy were properly classified by the collector, and I reach this conclusion almost wholly because of the force which I think must be given to the proviso in section 373. We know very well that the effect of a proviso is to

carve an exception out of the enacting clause, and therefore I must read the enacting clause as including wearing apparel among the articles made wholly or in part of lace. I think the question is a close one, yet I cannot arrive at any other conclusion, giving to the proviso in section 373 what I deem to be its due force and effect. The decision of the board of appraisers should be reversed. So ordered.